**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DELAWARE LIFE INSURANCE COMPANY,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 3:24-cv-00581** |
| **JESSICA LEDBETTER and LISA MULLIS,** | § § § | |
| **Defendants.** | § | |

## COMPLAINT FOR INTERPLEADER

Plaintiff Delaware Life Insurance Company ("Delaware Life"), by and through its undersigned counsel, hereby brings this Complaint for Interpleader (the "Complaint") against Defendants Jessica Ledbetter ("Jessica Ledbetter") and Lisa Mullis ("Mullis"), and shows the following:

1.      Pursuant to 28 U.S.C §§ 1335, 1367, and 2361, Delaware Life asserts claims for interpleader against Ledbetter and Mullis, as well as declaratory judgment, injunctive relief, and reasonable attorneys' fees and expenses, and concurrently requests to tender into the registry of this Court the subject death benefit by way of interpleading and be dismissed from any further liability and future or existing claims with respect to the subject Annuity Contract.

## JURISDICTION AND VENUE

2.      Delaware Life is an insurance company organized under the laws of the State of Delaware, and it maintains its principal place of business in Indiana.

3.      Upon information and belief, Mullis is an individual over the age of 18 years and a resident of the state of Virginia.

-1-

4.      Upon information and belief, Jessica Ledbetter is an individual over the age of 18 years and a resident of the state of Texas.

5.      Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 1335 and 2361, and venue is appropriate pursuant to 28 U.S.C. § 1397. Delaware Life has in its custody or possession the subject death benefit valued at more than $500, the Benefit Claimants are of diverse citizenship, Delaware Life remains ready, willing, and able to deposit the subject death benefit with the Court, and Jessica Ledbetter resides in this District.

## FACTUAL ALLEGATIONS

6.      On or about May 19, 2004, Harold Joe Ledbetter ("Decedent") completed an application ("Application") for a Single Premium Equity-Indexed Deferred Annuity, policy contract number KA12883929 ("Annuity Contract"). As set forth on the Application, Decedent designated himself as the Owner and Annuitant of the Annuity Contract, and designated Susan D. Ledbetter, Byron J. Ledbettter, and Jessica R. Ledbetter as the primary beneficiaries of the Annuity Contract.

7.      Delaware Life's predecessor in interest accepted the Application and the Annuity Contract for which Decedent applied and which it issued to Decedent on or about May 20, 2004.

8.      Over the following years, the beneficiar(ies) under the Annuity Contract were changed multiple times.

9.      In or about October 2021, the primary beneficiary percentage was again changed, designating Susan D. Ledbetter as the primary beneficiary at 100%. Upon information and belief, Susan D. Ledbetter is now deceased.

10.     On or about December 21, 2021, the primary beneficiary percentage was changed to Mullis at 100%.

11.    On or about May 5, 2022, the primary beneficiary percentage was changed to Jessica Ledbetter at 100%.

12.    Decedent Harold Joe Ledbetter died on or about October 23, 2023.

13.    The current estimated value, subject to actuarial calculation, of the death benefit properly payable to the primary beneficiary under the Annuity Contract is approximately $18,352.00.

14.    On or about January 29, 2024, Mullis, individually and in her then capacity as Executrix of Decedent's Estate,[1] filed a complaint against Jessica Ledbetter and Delaware Life in the Superior Court of Barrow County, Georgia, Civil Action No. 24-CV-000130-B (the "State Action"), requesting, among other relief, that the state court declare Mullis, not Jessica Ledbetter, as entitled to the death benefit; or, in the alternative, that Decedent's Estate be entitled to the death benefit.

15.    In light of Mullis's allegations in the State Action, and upon other information and belief, Mullis and Jessica Ledbetter (collectively the "Benefit Claimants") assert claims to the death benefits under the Annuity Contract.

16.    Accordingly, Delaware Life is subject to competing and adverse claims to receive the death benefit under the Annuity Contract. Such claims are unresolved.

17.    Delaware Life's payment of death benefit to any person under these circumstances would invite subsequent litigation and risk, and expose Delaware Life to inconsistent rulings, multiple liabilities, and attendant costs and expenses of subsequent litigation.

18.    Despite its due diligence, Delaware Life has been unable to determine the proper beneficiary or beneficiaries based on competing claims and/or incomplete information, and as

---

[1] Upon information and belief, Mullis is no longer Executrix of Decedent's Estate.

such, Delaware Life has properly not yet paid the death benefit at issue to avoid exposing it to multiple liabilities for the same death benefit.

19.    Pursuant to the terms of the Annuity Contract, a death benefit of approximately $18,352.00, subject to actuarial calculation, is currently due to be paid. Delaware Life desires to pay the death benefit, but in light of the competing claims to the benefit and the risk of multiple liabilities and inconsistent rulings, Delaware Life does not know, and in good faith cannot determine, who should receive the death benefit at issue.

20.    On or about February 19, 2024, Delaware Life filed in the State Action verified counterclaims for interpleader pursuant to O.C.G.A. § 23-3-90, among other claims, and requested the parties consent to the entry of an interpleader order. Jessica Ledbetter is unwilling to consent to interpleader and filed a Motion to Dismiss the State Action, arguing, among other things, lack of standing and jurisdiction in the state court. Due to the absence of cooperation and likelihood for prolonged litigation through various pending procedural matters, Delaware Life was forced to pursue the instant federal interpleader action. Prior to filing this Complaint, Delaware Life voluntarily dismissed without prejudice its counterclaims in the State Action.

### Count I – Interpleader

21.    Delaware Life restates and incorporates Paragraphs 1–20 of its Complaint as if fully set forth herein.

22.    Delaware Life is in possession of the death benefit under the Annuity Contract to which more than one person lays claim.

23.    The Benefit Claimants are of diverse citizenship and have competing and adverse claims to receive the death benefit under the Annuity Contract.

24.     Delaware Life's payment of the death benefit to any Benefit Claimant under these circumstances would invite subsequent litigation and risk exposing Delaware Life to inconsistent rulings, multiple liabilities, and the attendant costs and expenses of subsequent litigation.

25.     Accordingly, Delaware Life seeks an order compelling the Benefit Claimants to interplead and resolve between themselves their respective rights to the death benefit under the Annuity Contract.

26.     Delaware Life has at all times acted in good faith.

27.     Delaware Life claims no beneficial interest in the death benefit under the Annuity Contract, other than payment of its reasonable attorneys' fees and expenses in connection with the State Action and this action. With respect to the controversy between the Benefit Claimants over the death benefit, Delaware Life is a disinterested stakeholder.

28.     Delaware Life is ready, willing, and able to deposit with the Court the sum of approximately $18,352.00, which represents the current estimated death benefit payable under the Annuity Contract.

## <u>Count II – Declaratory Judgment</u>

29.     Delaware Life restates and incorporates Paragraphs 1–20 of its Complaint as if fully set forth herein.

30.     An actual controversy exists between the Benefit Claimants as to who should properly receive the death benefit under the Annuity Contract.

31.     Accordingly, Delaware Life seeks a judicial declaration construing the Annuity Contract, the benefit designation, the legal status of the respective Benefit Claimants, and other relevant information to declare the respective rights of the Benefit Claimants with respect to the death benefit under the Annuity Contract.

## Count III – Injunctive Relief

32.     Delaware Life restates and incorporates Paragraphs 1–20 of its Complaint as if fully set forth herein.

33.     Because of the State Action litigation commenced by Mullis, the controversy between the Benefit Claimants, and the threat of subsequent litigation, Delaware Life is presently threatened with and stands to suffer irreparable harm.

34.     In accordance with 28 U.S.C § 2361, Delaware Life seeks injunctive relief to enjoin and restrain all Benefit Claimants from instituting or maintaining separate legal actions against Delaware Life related to the Annuity Contract or payment of the death benefit under the Annuity Contract.

## Count IV – Attorneys' Fees and Expenses

35.     Delaware Life restates and incorporates Paragraphs 1–34 of its Complaint as if fully set forth herein.

36.     Pursuant to O.C.G.A. § 23-3-90(b), if a party bringing a Georgia state action for interpleader "has to make or incur any expenses in so doing, including attorney's fees, the amount so incurred shall be taxed in the bill of costs, under the approval of the court…." *See also Evans v. Cushing Properties*, 197 Ga. App. 380, 381 (1990) (approving payment of an interpleading stakeholder's attorney's fees out of the deposited fund).

37.     Pursuant to well-settled law in this Circuit, and other Circuits, costs and attorneys' fees are generally awarded to a plaintiff who initiates a federal interpleader action as a mere disinterested stake holder. *See, e.g.*, *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999); *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986).

38.    Because of the litigation commenced by Mullis, the controversy between the Benefit Claimants, and the threat of subsequent litigation, Delaware Life was forced to respond to the Complaint in the State Action and bring interpleader counterclaims; and ultimately, due to lack of cooperation by Defendant Ledbetter in the State Action, bring this federal statutory interpleader action, and has incurred attorney's fees and expenses in so doing.

39.    Accordingly, Delaware Life is entitled to recover its reasonable attorneys' fees and all expenses of litigation in the State Action under Georgia statute O.C.G.A. § 23-3-90(b).

40.    Delaware Life is further entitled to recover its reasonable attorneys' fees and all expenses of litigation in this action under well-settled federal case law.

## PRAYER FOR RELIEF

**WHEREFORE**, Delaware Life hereby respectfully prays for judgment in its favor and requests that this Court:

(a)    Order the death benefit under the Annuity Contract be deposited into the registry of this Court and held for future disbursement according to the judgment of this Court;

(b)    Order that upon such deposit, Delaware Life be discharged from any and all further liability with respect to the Annuity Contract and Delaware Life be dismissed with prejudice from this action;

(c)    Order that Delaware Life be awarded, out of the funds so deposited, an amount sufficient to reimburse Delaware Life for its reasonable attorney's fees, costs, and other expenses incurred in the prosecution of its counterclaims in the State Action, pursuant to Georgia statute O.C.G.A. § 23-3-90(b);

(d)    Order that Delaware Life be awarded, out of the funds so deposited, an amount sufficient to reimburse Delaware Life for its reasonable attorney's fees, costs, and other expenses incurred in the prosecution of this action, pursuant to federal law;

(e)    Order that all Benefit Claimants and any and all other persons claiming any right or interest in the death benefit under the Annuity Contract be required to interplead and resolve between themselves their respective rights to the death benefit;

(f)    Restrain and enjoin each of the Benefit Claimants, and those acting in concert with them, from instituting or maintaining in any judicial forum any separate legal action against Delaware Life related to the Annuity Contract or the payment of the death benefit;

(g)    Adjudicate and declare, as between the Benefit Claimants and any and all other persons claiming any right or interest in the death benefit under the Annuity Contract, the rightful beneficiary or beneficiaries; and

(h)    Grant such other and further relief as the Court deems just and proper.

**DATED:** March, 8, 2024

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Shaina E. Hicks*
Shaina E. Hicks
PA Bar No. 322772
TX State Bar No. Pending
Admitted to NDTX
shaina.hicks@ogletree.com
8117 Preston Road, Suite 500
Dallas, TX 75225
Telephone:  (214) 987-3800
Fax:  (214) 987-3927

**ATTORNEYS FOR PLAINTIFF DELAWARE LIFE INSURANCE COMPANY**

-8-